UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY ALFONSO MOORER,

       Petitioner,

                                           Case No. 16-13994

v.

                                           Hon. Terrence G. Berg

JEFFREY WOODS,              Hon. Stephanie Dawkins Davis

       Respondent.

_____/

**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS (DKT. 4) AND TRANSFERRING HABEAS PETITION (DKT. 1) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Larry Alfonso Moorer recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Dkt. 1. The habeas petition challenges Petitioner's 2002 convictions in Wayne County Circuit Court for first-degree murder and possession of a firearm during the commission of a felony. Because Petitioner challenged the same convictions in a previous habeas petition that was denied on the merits, the Court must transfer the petition to the Court of Appeals for a determination of whether this Court may adjudicate Petitioner's claims.

I.    **BACKGROUND**

Petitioner filed his first habeas corpus petition in December of 2005. *See Moorer v. Jackson,* No. 05-74924, Dkt. 1. That petition was denied on the merits in March of 2008. *See Moorer v. Jackson,* No. 05-74924 (E.D. Mich. Mar. 17, 2008) (Cleland, J.) (Dkt. 28). The United States Court of Appeals for the Sixth Circuit then denied

Petitioner's application for a certificate of appealability. *See Moorer v. Jackson*, No. 08-1520 (6th Cir. Oct. 23, 2008).

Several years later, Petitioner filed a motion for relief from judgment, which the state trial court denied. *See People v. Moorer*, Op. and Order Denying Relief from J., No. 01-013494-01-FC (Wayne Cty. Cir. Ct. Aug. 6, 2015). Both of Michigan's appellate courts denied leave to appeal, citing Michigan Court Rule 6.508(D). *See People v. Moorer*, No. 329172 (Mich. Ct. App. Nov. 24, 2015); *People v. Moorer*, 884 N.W.2d 792 (2016). Finally, on November 10, 2016, Petitioner filed the habeas corpus petition that is currently before the Court. Dkt. 1.

II. **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. § 2244(b)(3)(A)." *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016). A habeas petition is considered "second or successive" if the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010).

Petitioner's first habeas petition was denied on the merits, and Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas petition. This Court therefore must transfer the petition filed in this case to the Court of Appeals pursuant to 28 U.S.C. § 1631. See *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, it is **ORDERED** that the Clerk of the Court transfer Petitioner's habeas petition (Dkt. 1) to the United States Court of Appeals for the Sixth Circuit for a determination of whether this Court may adjudicate Petitioner's claims.

It is further **ORDERED** that Petitioner's application to proceed without prepayment of fees and costs (Dkt. 4) is denied as moot because Petitioner paid the filing fee for this action.

**SO ORDERED.**

Dated: January 23, 2017                    s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 23, 2017, using the CM/ECF system, which will send notification to all parties.

                                           s/A. Chubb
                                           Case Manager